IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN BOLLES,                          )<br>                                               )<br>            Plaintiff,                    )<br>                                               )<br>      v.                                      )<br>                                               )<br>AMERICAN FAMILY MUTUAL     )<br>INSURANCE COMPANY,           )<br>                                               )<br>            Defendant.                 )<br>                                               ) | 8:10CV419<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court after a trial to a jury on September 19-20, 2011. The jury returned a verdict in the amount of $125,000 in favor of the plaintiff (Filing No. 37). The court will accept the jury's verdict. The parties agree that the plaintiff is entitled to a judgment for damages for personal injuries as a result of a collision on November 13, 2008, under a policy of insurance issued by the defendant for underinsured motorist coverage for the amount of the verdict that exceeds $50,000.00, which represents payments the plaintiff has already received from the tort-feasor's insurer. Accordingly, it appears that the plaintiff is entitled to an award of damages in the amount of $75,000.

The plaintiff also seeks attorney fees under Neb. Rev. Stat. § 44-359. The defendant contends that Iowa law applies to this case and argues the plaintiff is not entitled to fees under Iowa law.

The statute at issue provides that "[i]n all cases where the beneficiary or other person entitled thereto brings an action upon any type of insurance policy" issued by a company doing business in this state, "the court, upon rendering judgment against such company, person, or association, shall allow the plaintiff a reasonable sum as an attorney

fee in addition to the amount of his/her recovery to be taxed as part of the costs" unless the plaintiff fails to obtain a judgment for more than may have been offered by the insurer. Neb. Rev. Stat. § 44-359.

A federal court sitting in diversity applies the choice of law principles of the forum. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Nebraska law, the substantive rights of parties to an action are governed by the law of the state where the cause of action arose, but procedural matters are governed by the law of the forum. *Whitney v. Penrod*, 32 N.W.2d 131 (Neb. 1948); Restatement (Second) Conflict of Laws § 146 (1971). Nebraska law controls the substantive/procedural determination. *See id.*; *F.D.I.C. v. Nordbrock*, 102 F.3d 335, 338 (8th Cir. 1996) (noting that "the Nebraska Supreme Court, as a general matter, utilizes the Restatement (Second) for issues relating to a choice of law"). Under Nebraska law, the statute is regarded as procedural. *Hawkeye Casualty Co. v. Stoker*, 48 N.W.2d 623, 624 (Neb. 1951). Accordingly, Neb. Rev. Stat. § 44-359 applies in a federal diversity action in Nebraska regardless of the substantive law governing the insurance contract involved. *See Johnson Intern. Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 437 (8th Cir. 1994); *City of Carter Lake v. Aetna Cas. & Sur. Co.*, 604 F.2d 1052, 1062 (8th Cir.1979) (in an action involving a contract governed by Iowa law, the law of Nebraska applied to issue of attorney fees because the attorney fee statute was "procedural").

Applying those principles, the court finds that Nebraska law applies to the attorney fees issue. The record shows the defendant filed an offer of judgment in the amount of $30,000.00. Filing No. 23. The jury determined that the plaintiff suffered damages in excess of $85,000 (the sum of the underlying coverage and settlement offer), and plaintiff

is therefore entitled to an award of attorneys fees under Neb. Rev. Stat. § 44-359. Accordingly,

IT IS ORDERED that:

1. The court accepts the jury's verdict.

2. The plaintiff shall submit an application for attorney fees within fourteen days of the date of this order.

3. The defendant shall have seven days thereafter in which to respond.

4. The court will thereafter enter judgment on the verdict for damages in the amount in excess of the underlying coverage, plus attorney fees and costs, at such time as the attorney fee issue is resolved.

DATED this 22nd day of September, 2011.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.